# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-2041
Filed March 11, 2026

_____

**In the Interest of B.S., Minor Child,**

**J.C., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County,
The Honorable Korie Talkington, Judge.

_____

**AFFIRMED**

_____

Jean Capdevila, Davenport, attorney for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney
General, attorneys for appellee State.

Barbara E. Maness, Davenport, attorney and guardian ad litem for
minor child.

_____

Considered without oral argument
by Ahlers, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

The mother of B.S. appeals from a juvenile-court ruling terminating her parental rights. The father's rights were not terminated.

As we observe in another decision today: "Unfortunately for all involved, juvenile-case appellants frequently fail to comply with the rules of appellate procedure." *In re A.C.,* No. 25-2151, 2026 WL _____, at *1 (Iowa Ct. App. Mar. 11, 2026). This is another of those cases.

It's not clear to us what legal argument(s) the mother's petition purports to raise. Her issue statement is a run-on sentence without a clear legal argument beyond suggesting a bridge order and complaining about the father's custody of the child—neither of which is the issue before us. The pages of the petition that follow consist largely of non-sequiturs that vaguely reference best interests and an unpreserved permissive exception, with no argument about any positive changes the mother has made since case inception or any error in the juvenile court's ruling. In its response, the State argues the petition's lack of clarity warrants us finding waiver and affirming summarily. *See, e.g.*, *L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."). We tend to agree.

To the extent any issue is properly before us, we have reviewed the entire record—including the transcript of the termination trial—and we agree with the juvenile court's detailed seventeen-page ruling terminating the mother's parental rights. Termination was in the child's best interests given the mother's dishonesty, inability to regulate her emotions, criminal history for the physical abuse of other children in her custody (which she blamed on a past paramour), and her failures to cooperate with court-ordered services and treatment, progress past fully supervised visits, or address

parenting deficits that have been present since termination of her parental rights to multiple other children. We affirm without further opinion. Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**